Appeal Nos. 2013-1150, -1182

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

APPLE INC.,

*Plaintiff-Appellant,*

v.

MOTOROLA MOBILITY LLC,

*Defendant-Appellee-Cross-Appellant,*

---

Appeals from the United States District Court for the Western District of
Wisconsin in No. 11-CV-0178, Senior Judge Barbara B. Crabb

---

## REPLY BRIEF OF DEFENDANT-APPELLEE AND CROSS-APPELLANT MOTOROLA MOBILITY, LLC

---

David A. Nelson
Stephen A. Swedlow
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 W. Madison St., Suite 2450
Chicago, IL  60661
(312) 705-7400

Kathleen M. Sullivan
Edward J. DeFranco
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY  10010
(212) 849-7000

Brian C. Cannon
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant-Appellee-Cross-
Appellant*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................1

I.      APPLE'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE..........1

CONCLUSION ...................................................................................................7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Automotive Technologies International, Inc. v. BMW of North America, Inc.*,
   501 F.3d 1274 (Fed. Cir. 2007) ...............................................................4

*Barnhill  v. United States*,
   11 F.3d 1360, 1370 (7th Cir. 1993) ...................................................2

*Sicom Systems, Ltd. v. Agilent Technologies, Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) ..............................................................5

*Chattanooga Mfg., Inc. v. Nike, Inc.*,
   301 F.3d 789, 796 (7th Cir. 2002) .......................................................5

*Crowe ex. rel. Crowe v. Zeigler Coal Co.*,
   646 F.3d 435 (7th Cir. 2011) ................................................................3

*Franzoni v. Hartmarx Corp.*,
   300 F.3d 767 (7th Cir. 2002) ................................................................4

*Franzoni v. Hartmarx Corp.*,
   No. 99 C 4898, 2001 WL 243394 (N.D. Ill. Mar. 12, 2001).................4

*Gander Mountain Co. v. Cabela's, Inc.*,
   No. 04 CV 3125 PJS/RLE, 2007 WL 2026751 (D.Minn. Jul. 10, 2007)............3

*Harris v. Quinn*,
   656 F.3d 692 (7th Cir. 2011) ................................................................5

*University of Pittsburgh v. Varian Medical Systems, Inc.*,
   569 F.3d 1328 (Fed. Cir. 2009) ...........................................................4

*Wakefield v. Northern Telecom, Inc.*,
   769 F.2d 109 (2d Cir. 1985) .................................................................2

*Walczak v. Board of Education*,
   No. 11 C 8409, 2012 WL 3134351 (N.D. Ill. Aug. 1, 2012) ..............3

## Statutes

Fed. R. Civ. Proc. 12(b)(1) ..........................................................................4

Fed. R. Civ. Proc. 12(b)(7) ..........................................................................4

Fed. R. Civ. Proc. 19....................................................................................4

## INTRODUCTION

In response to Motorola's argument on cross-appeal that Apple's claims for breach of contract, declaratory judgment and equitable estoppel should have been dismissed with prejudice, Apple argues in its Response and Reply Brief (at 63-67) that the district court acted within its discretion because the dismissals were not on the merits. But Apple's claims were dismissed after full discovery and after Apple had every chance to present claims to the district court that would justify a trial— and lost. Having chosen to litigate its claims in a way that made them a nonjusticiable effort to obtain an advisory opinion on a FRAND royalty rate, Apple should be held to the consequences of that choice and its claims dismissed with prejudice. Allowing Apple to replead here would invite litigants in patent cases more generally to take strategic positions that lead to adverse results and then avoid the consequences—for example by advancing overbroad claim constructions. At a minimum, Apple's claims for injunctive relief to bar Motorola from asserting its standard-essential patents should be dismissed with prejudice because the merits of these claims were indisputably reached: the district court applied the *eBay* factors to the claims and found that Apple could not meet them.

## ARGUMENT

## I.    APPLE'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Apple presents its cross-appeal argument as if dismissal with prejudice here is like a sanction that lies within the wide discretion of the district court. In

1

support, Apple cites to *Barnhill v. United States*, 11 F.3d 1360 (7th Cir. 1993). *See* Apple Response Br. at 63. *Barnhill*, however, arose in the very different context of a tax case in which government lawyers committed misconduct during a jury trial. As a sanction, the district court granted the taxpayer judgment with prejudice. *Barnhill*, 11 F.3d at 1366. The appellate court vacated that sanction, holding that lesser forms of sanctions were more appropriate given the lack of "meaningful impact" of the misconduct on the course of the litigation. *Id.* at 1370.

In the case before this Court, by contrast, dismissal with prejudice is not a form of sanction or remedy chosen from a continuum of options. To the contrary, dismissal with prejudice is a straightforward result of Apple having had every opportunity to litigate its claims and failing to do so. *See, e.g., Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114-115 (2d Cir. 1985) (directing dismissal of age discrimination claim with prejudice where plaintiff withdrew claim before submitting it to jury, noting that "[r]easons of judicial economy alone would appear to dictate that one full and fair attempt to prove this claim is enough" and that "[w]eight must also be given to the fact that [defendant] has had to defend this claim, and considerations of fairness require some showing as to the plaintiff's need to pursue it elsewhere"). As plaintiff, Apple had the burden of proving its case. Despite extensive discovery, expert reports, and rounds of summary judgment and other motions, Apple's own deliberate strategic decisions rendered

the case nonjusticiable. This Court should not sanction a "do over"—and the accompanying burden on the judicial system and Motorola—where a sophisticated party like Apple seeks to use a district court for its own private advisory purposes in licensing negotiations.

The same holds true in other cases where litigants make strategic decisions that result in dismissal. *See Crowe ex. rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011) (district court erred in failing to dismiss proceeding with finality because insurance provider made a strategic choice to delay, noting "Travelers… made a tactical decision not to intervene in this matter until the eleventh hour (at least), and now Travelers will have to live with the consequences of that decision."); *Walczak v. Board of Educ.*, No. 11 C 8409, 2012 WL 3134351, *5 (N.D. Ill. Aug. 1, 2012) (dismissal with prejudice under *res judicata*, noting that plaintiff "made choices as to how best proceed with her various claims and it is not unfair to require [plaintiff] to live with her own choices"); *Gander Mountain Co. v. Cabela's, Inc*., No. 04 CV 3125 PJS/RLE,  2007 WL 2026751, *8 (D. Minn. Jul. 10, 2007) (counterclaim-plaintiff's decision to forgo discovery on the other party's theories and present only its own view of the case resulted in summary judgment dismissing its counterclaims with prejudice).

Apple's case thus merits dismissal with prejudice no less than a case in which a patent holder chooses to advance an overly broad claim construction, and

then the patent is invalidated for lack of written description. *See Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.* 501 F.3d. 1274, 1280 (Fed. Cir. 2007) (plaintiff sought a broad claim construction for purposes of infringement, which ultimately led to a finding of invalidity with prejudice because the broadly construed claims were not enabled). In such a case, the patent holder does not get another chance to try a different claim construction. Similarly, Apple chose to seek specific performance and then decline to accept a license at any FRAND rate the court might have set. It should be bound by that decision to render its claims a nonjusticiable request for an advisory opinion.

Apple's other caselaw is also inapposite. In *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773-774 (7th Cir. 2002), cited Apple Response Br. at 64, the appellate court affirmed a Rule 12(b)(1) dismissal in a wrongful termination case because no remedy was available to the plaintiff. [1] In *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed. Cir. 2009), cited Apple Response Br. at 64-65, the Federal Circuit held that a district court's dismissal for lack of standing under Federal Rule of Civil Procedure 12(b)(7) for failure to join the patents' co-owner as a plaintiff under Rule 19 should be without prejudice because the defect could be easily cured on amendment through the joinder of the

---

[1] Further, though Apple appears to suggest that the district court's dismissal of the ADEA claims in *Franzoni* was without prejudice, neither the Seventh Circuit's nor the district court's decision (No. 99 C 4898, 2001 WL 243394 (N.D. Ill. Mar. 12, 2001) makes that distinction.

proper parties or assignment of the patent rights. *Id*. at 1332-33. But here, Apple's claims did not fail at the pleading stage because of a procedural defect that could be easily cured on amendment—Apple fully litigated and had a chance to be bound by the district court's decision on the merits but refused to do so. *Cf. Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (affirming dismissal for lack of standing **with prejudice** where plaintiff "already had a chance to cure the defect and failed").

*Harris v. Quinn*, 656 F.3d 692 (7th Cir. 2011), cited Apple Response Br. at 65, is likewise inapposite. There, the Seventh Circuit held that dismissal of plaintiff's First Amendment claims for lack of ripeness should be without prejudice, explaining that, "[g]enerally, when a complaint is dismissed because it is not ripe (or because the plaintiffs lack standing, for that matter) it is dismissed without prejudice unless it appears beyond a doubt that there is no way the plaintiffs' grievance could ever mature into justiciable claims." *Id.* at 701 (citing *Chattanooga Mfg., Inc. v. Nike, Inc.,* 301 F.3d 789, 796 (7th Cir. 2002)). Here, Apple's claims were not dismissed for lack of ripeness; nor could they "mature into justiciable claims" unless Apple had decided to accept an adjudicated FRAND rate—a decision it had a full opportunity to make in the district court and chose not to make.

Apple argues that cases where a decision to "dismiss without prejudice constitutes an abuse of discretion are rare." Apple Response Br. at 66. That is true, but this is the rare case where such dismissal is warranted in order to prevent the strategic manipulation and waste of the valuable resources of the district court. In such a case, the dismissal should be with prejudice.

Nor is requiring Apple to be bound by the FRAND rate that Apple itself asked the district court to adjudicate (through a declaratory judgment claim and request for specific performance) an "eleventh-hour demand" by Motorola, as Apple erroneously claims (Apple Response Br. at 65). As the district court properly noted, Apple itself had never made clear until the eleventh hour that, rather than agreeing to take a license at a FRAND rate that would put the parties' dispute to rest, "Apple was seeking only a ceiling on the potential license rate that it could use for negotiating purposes." A181-82 (noting that this "became clear only when Apple informed the court in its October 31 response that it did not intend to be bound by any rate that the court determined" and that, if it "did not win the rate it wanted, it could walk away, leaving Motorola without a mechanism for obtaining compensation from Apple for the use of its patents except by filing infringement suits.").

## CONCLUSION

For the foregoing reasons, and the reasons stated in Motorola's Response and Opening Brief, the Court should affirm the district court's dismissal of Apple's claims for breach of contract and for declaratory judgment, and should hold that those claims are directed to be dismissed with prejudice.


Dated:   January 6, 2014                         Respectfully submitted,

                                                   *s/ Kathleen M. Sullivan*
                                                  Kathleen M. Sullivan
                                                  QUINN EMANUEL URQUHART&
                                                  SULLIVAN, LLP
                                                  51 Madison Ave., 22nd Floor
                                                  New York, NY 10010
                                                  (212) 849-7000
                                                  *Attorney for Appellee-Cross
                                                  Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2014, I caused the Reply Brief of

Appellee-Cross Appellant Motorola Mobility, LLC's to be electronically filed with

the Clerk of the Court using CM/ECF, which will automatically send email

notification of such filing to the following counsel of record:

E. Joshua Rosenkranz
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019

Mark S. Davies
Daniel Habib
Rachel M. McKenzie
Rachel Wainer Apter
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005

Matthew D. Powers
Tensegrity Law Group, LLP
Suite 360
555 Twin Dolphin Drive
Redwood City, CA 94065

*Counsel for Appellant-Cross*
*Appellee Apple Inc.*

                                        */s/ Kathleen M. Sullivan*

## CERTIFICATE OF COMPLIANCE WITH
## FED. R. APP. P. 32(a)(7) AND FEDERAL CIRCUIT RULE 32

Counsel for Appellee-Cross Appellant Motorola Mobility, LLC certify that the brief contained herein has a proportionally spaced 14-point typeface, and contains 1,539 words, based on the "Word Count" feature of Word 2007, including footnotes and endnotes.  Pursuant to Fed. R. App. P. 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b), this word count does not include the words contained in the Table of Contents, Table of Authorities, Certificate of Service or Certificate of Compliance.


Dated:  January 6, 2014                    Respectfully submitted,

                                            _s/   Kathleen   M.   Sullivan____
                                           *Attorney for Appellee-Cross*
                                           *Appellant*

9